NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2011
_____

UNITED STATES OF AMERICA

v.

JAMES KING
a/k/a
MEL

James King,
Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 3-13-cr-00190-001)
District Judge: Honorable Malachy E. Mannion
_____

Submitted Under Third Circuit LAR 34.1(a)
November 17, 2014

Before: AMBRO, SCIRICA, and ROTH, <u>Circuit Judges</u>

(Opinion filed: December 11, 2014)
_____

OPINION[*]
_____

AMBRO, <u>Circuit Judge</u>

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In March and April of 2013 the Luzerne County Drug Task Force arranged two controlled purchases of .25 and .24 grams of heroin from James King.[1] He pled guilty to possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). In exchange, the Government agreed to recommend a sentence of 120 months' imprisonment.

The District Court calculated King's base offense level as 12 with a criminal history category of VI. It also provided a reduction of the base level for acceptance of responsibility. U.S.S.G. § 3E1.1. Usually, the relevant Guidelines range would be 24 to 30 months, but King has 28 previous convictions, including three controlled substance offenses and two crimes of violence. He therefore qualifies as a career criminal, which increases the relevant range to 151 to 188 months. *Id.* § 4B1.1(b). The District Court sentenced him to 151 months, the bottom of the range.

On appeal, King does not contend that the District Court committed procedural error at sentencing. Instead, he argues that the sentence is substantively unreasonable because the Court failed to give appropriate weight to King's troubled personal background, the low quantity of heroin involved in the case, and the Government's recommendation for incarceration of 120 months. The District Court addressed these factors at the sentencing hearing and weighed them against King's long criminal history, his age, his continued recidivism despite shorter prison sentences, and his risk to public safety. J.A. 69-72. It then imposed a sentence at the bottom of the relevant Guidelines

---

[1] Though King's real name is Male Dixon, we use the name in the case caption to avoid confusion.

range.  While sentences within the Guidelines range are not presumptively reasonable, *United States v. Merced*, 603 F.3d 203, 213 n.5 (3d. Cir. 2010), we are convinced that King's prison term adequately accounts for his criminal history.  18 U.S.C. § 3553.  Thus we cannot conclude that the District Court abused its discretion in imposing King's sentence.  *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

Accordingly, we affirm the sentence imposed by the District Court.